**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

*In re:*

URBAN PHILANTHROPIES, INC.,

Debtor. /

Case No.: 19-24113-BKC-JKO

Chapter 11

URBAN PHILANTHROPIES, INC.,

Plaintiff,

v.

Adversary Case No.:

JOHN S. AND JAMES L. KNIGHT FOUNDATION, INC., a Florida not for profit corporation, SECURITY BENEFIT LIFE INSURANCE COMPANY,

Defendants. /

**ADVERSARY COMPLAINT (I) TO AVOID AND RECOVER PREFERENTIAL TRANSFER AND (II) FOR TURNOVER OF PROPERTY OF THE ESTATE**

Plaintiff, URBAN PHILANTHROPIES, INC., ("Plaintiff" or the "Debtor"), by and through undersigned proposed counsel,[1] sues Defendants, JOHN S. AND JAMES L. KNIGHT FOUNDATION, INC., a Florida not for profit corporation (the "Knight Foundation") and SECURITY BENEFIT LIFE INSURANCE COMPANY ("Security Benefit") (together, the "Defendants"), and in support thereof states as follows:

**NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE**

1. This adversary proceeding arises out of, and relates to the Chapter 11 bankruptcy case of URBAN PHILANTHROPIES, INC., Case No.: 19-24113-JKO pending in the

[1] The Debtor filed the *Debtor's Emergency Application for Approval, in an Interim and Final Basis, of Employment of Robert P. Charbonneau, Esq. and the Law Firm of Agentis PLLC as General Bankruptcy Counsel for the Debtor-In-Possession, Nunc Pro Tunc to the Petition Date*.

bankruptcy court for the Southern District of Florida, Fort Lauderdale Division (the "Bankruptcy Case").

2. Defendant John S. and James L. Knight Foundation, Inc., is a Florida not for profit corporation.

3. Security Benefit Life Insurance Company is a Kansas based financial services company that offers life and health insurance, retirement plans, annuities, mutual funds, and related services and is authorized to do business in Florida.

4. The Plaintiff seeks to avoid and recover avoidable transfers pursuant to sections 547 and 550 of the Bankruptcy Code, and for turnover of property pursuant to section 542(a) of the Bankruptcy Code.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

6. This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(1), 157(b)(2)(A), (E), (F), (K) and (O).

7. Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**FACTUAL BACKGROUND**

8. The Plaintiff is a Florida not for profit company that is committed to preserving, empowering and transforming distressed urban communities. The mission of the Plaintiff is to transform distressed urban communities through economic and community development activities for the enhanced quality of life for residents.

9. For over 15 years, either the Plaintiff, or predecessor entities, has worked in one of Miami's most impoverished neighborhoods known as Overtown. The Plaintiff provides

academic, technical and financial resources to this underserved community, including, art and cultural events, small business funding, training in computer programing and business boot camps.

**A. The Bankruptcy Case**

10. On October 21, 2019, Debtor commenced the bankruptcy case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.

11. The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**B. The Annuity**

12. In or around October 2014, Security Benefit issued to the Debtor the Total Value Annuity, a fixed index flexible premium deferred annuity contract, contract number XXXXXX2176 (the "Annuity").

13. The Annuity designates the Debtor as the owner and the beneficiary, and Philip E. Bacon as the annuitant.

14. On or about January 31, 2017, Mr. Bacon executed that certain document entitled *Assignment of Rights and Interests in Annuity Contract*, which assigned all of Mr. Bacon's interests, rights and privileges as annuitant to the Debtor.

15. The Annuity was funded with an initial purchase payment of $1 million.

16. The Annuity provided for a 6% bonus that was a credit to the Annuity upon purchase and free withdrawals of up to 10% of the Annuity after the first contract year.



agentis Legal Advocates & Advisors
55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

17. Pursuant to the answer filed by Security Benefit in the Kansas Domestication Case (as defined below), as of September 12, 2019, the Annuity had a cash surrender value of $641,557.45.

**C. The First Attempt to Garnish the Annuity.**

18. Prior to the Petition Date, a Final Judgment (the "Judgment") was entered against the Plaintiff in favor of the Knight Foundation, in the case styled *John S. and James L. Knight Foundation, Inc. v. Urban Philanthropies, Inc., et al*, Case No. 15-27945 CA 44, pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Litigation"). The State Court Litigation is on appeal before the 3rd District Court of Appeal.

19. On August 21, 2019, the Knight Foundation caused to be issued a Writ of Garnishment on Security Benefit.

20. On September 13, 2019, the garnishee, Security Benefit, filed *Garnishee Security Benefit Life Insurance Company's Answer to Writ of Garnishment* (the "Garnishee Answer"), wherein Security Benefit objected to the First Garnishment and asserted that the Annuity was exempt from garnishment under Florida law and not subject to garnishment. A true and correct copy of the Garnishee Answer is attached hereto as **Exhibit "A"** and incorporated by reference.

21. In response, on October 3, 2019, the Knight Foundation voluntarily dismissed the First Writ of Garnishment. A true and correct copy of the voluntary dismissal is attached hereto as **Exhibit "B"** and incorporated by reference.

**D. <u>The Second Attempt to Garnish the Annuity.</u>**

22. Concurrently with the First Writ of Garnishment, the Knight Foundation, on September 16, 2019, also domesticated the Judgment in Shawnee County, Kansas, in the case styled *John S. and James L. Knight Foundation, Inc. v. Urban Philanthropies, Inc., et al*, Case No. 2019 MV 000176, pending in the District Court of Shawnee County, Kansas (the "<u>Kansas Domestication Case</u>").

23. On October 8, 2019, and only a few days after voluntarily dismissing the First Writ of Garnishment, the Knight Foundation caused there to be issued a second writ of garnishment on Security Benefit (the "<u>Second Garnishment</u>") in the Kansas Domestication Case.[2]

24. On or about October 8, 2019, the Second Garnishment was served on Security Benefit.

25. As a consequence of the Second Garnishment, Security Benefit has placed a hold on the Annuity, which prevents any withdrawals from being taken from, and any financial changes being made to, the Annuity.

**COUNT I**
**<u>AVOIDANCE OF PREFERENTIAL TRANSFERS – 11 U.S.C. §§ 547 and 550</u>**

26. The Plaintiff incorporates each and every allegation contained in paragraphs 1 through 25 above as if fully set forth herein.

[2] The Plaintiff is unable to attach a copy of Second Garnishment at this time because it cannot access the docket in the Kansas Domestication Case.

27. On or within ninety (90) days before the Petition Date, that is, between July 24, 2019 and October 21, 2019 (the "Preference Period"), the Knight Foundation caused the Second Garnishment to be issued and served upon Security Benefit.

28. The Second Garnishment, and any lien created thereby, has caused Security Benefit to place a hold on the Annuity and has limited the Plaintiff's access to the Annuity.

29. The Second Garnishment, and any lien created thereby, constitutes a transfer of an interest of the property of the Debtor.

30. The Second Garnishment, and any lien created thereby, was issued to or for the benefit of the Knight Foundation, who is a creditor of the Debtor by virtue of the Judgment, and within the meaning of 11 U.S.C. § 101(10)(A).

31. The Second Garnishment, and any lien created thereby, was for, or on account of, an antecedent debt owed by the Debtor as evidenced by the Judgement.

32. At the time of the service of the Second Garnishment, and at all other times during the Preference Period, the Debtor was insolvent on a balance sheet basis, and otherwise unable to pay its debts as they become due in the ordinary course of its business, including the Judgement.

33. Further, the Debtor is presumed to have been insolvent during the Preference period pursuant to 11 U.S.C. 547(f).

34. The Second Garnishment, and any lien created thereby, enabled the Knight Foundation to receive more than it would have received if:

a. the case were a case under Chapter 7 of the Bankruptcy Code;

b. the Second Garnishment, and any lien created thereby, had not been issued; and

c. the Knight Foundation received (or benefitted from) payment of such debt owing to it to the extent provided by the provisions of the Bankruptcy Code.

35. The Plaintiff is entitled to avoid the Second Garnishment, and any lien created thereby, on the Annuity pursuant to 11 U.S.C. § 547(b), recover the any transfers from the Defendants pursuant to 11 U.S.C. § 550(a).

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter a judgment:

A. Declaring the Second Garnishment and service thereof to be a preferential transfer pursuant to Section 547(b) of the Bankruptcy Code;

B. Avoiding the Writ of Garnishment and any lien created thereby as a preferential transfer pursuant to Section 547(b) of the Bankruptcy Code;

C. Providing that the Plaintiff shall recover the Annuity from the Defendants pursuant to Section 550(a) of the Bankruptcy Code and requiring the payment of any transfers to the Plaintiff, together with pre- and post-judgment interest and the Plaintiff's reasonable attorney's fees and costs; and

D. Granting such other and further relief as may be just and equitable.

**COUNT II**
**TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. §542**

36. Plaintiff realleges and restates the allegations contained in paragraphs 1 through 25 as if fully restated herein.

37. The Annuity is property of the Debtor's bankruptcy estate under 11 U.S.C. § 541.

38. 11 U.S.C. §542(a) provides, in pertinent part, that

"…an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.



agentis Legal Advocates & Advisors
55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

39. The Defendants are currently in the possession of, or otherwise exercising dominion and control over, the funds in the Annuity.

40. Pursuant to 11 U.S.C. 542, the Defendants are obligated to turn over the Annuity to the Plaintiff, and to otherwise account for the Garnished Funds, by releasing the same to the Plaintiff.

WHEREFORE, the Plaintiff respectfully requests the Court enter a judgment against the Defendants:

a. finding that the Annuity and the funds therein are property of the estate pursuant to 11 U.S.C. § 541;

b. directing the Defendants to turn over to the Plaintiff the Annuity; and

c. granting such other and further relief as the Court may deem just and proper.

Dated: October 22, 2019

Respectfully Submitted,

AGENTIS PLLC
***Proposed Counsel for Debtor-in-Possesion***
55 Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
T. 305.722.2002
www.agentislaw.com

By: *_/s/ Robert P. Charbonneau_*
Robert P. Charbonneau
Florida Bar No: 968234
rpc@agentislaw.com
Jesse R. Cloyd
Florida Bar No: 58388
jrc@agentislaw.com

# Exhibit "A"

Filing # 95660009 E-Filed 09/13/2019 11:26:58 AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

COMPLEX BUSINESS DIVISION

CASE NO. 15-27945 CA 44

JOHN S. AND JAMES L. KNIGHT FOUNDATION, INC., a Florida not for profit corporation,

Plaintiff,

vs.

URBAN PHILANTHROPIES, INC., a Florida not for profit corporation; PHILIP BACON, an individual

Defendants,

and

SECURITY BENEFIT LIFE INSURANCE COMPANY

Garnishee.
_______________________________/

**GARNISHEE SECURITY BENEFIT LIFE INSURANCE COMPANY'S ANSWER TO WRIT OF GARNISHMENT**

Garnishee, Security Benefit Life Insurance Company ("Security Benefit"), pursuant to Florida Statute § 77.06, hereby files its Answer to the Writ of Garnishment (the "Writ") served on August 26, 2019, by John S. and James L. Knight Foundation, Inc.

**RELEVANT FACTS AND PROCEDURAL HISTORY**

1. In or around October 2014, Security Benefit issued to Urban Philanthropies, Inc. ("Urban") the Total Value Annuity, a fixed index flexible premium deferred annuity contract

with Bonus, contract number XXXXXX2176 (the "Annuity"), which designates Urban as the Owner and Beneficiary and Philip E. Bacon as the Annuitant. Pursuant to the Annuity's terms: (1) the Owner controls and makes all decisions regarding the Annuity, including whether to withdraw funds from the Account Value or surrender the Annuity for the Cash Surrender Value; (2) the Annuitant receives the Annuity Payments following the Annuity Start Date (assuming they are still alive and no changes impacting the Annuity Start Date have been made by the Owner); and (3) the Beneficiary receives a death benefit in the event of the Annuitant's death.

2. The Annuity lists the Contract Date as October 30, 2014, and the Annuity Start Date – the date on which Annuity Payments are set to begin – as October 30, 2046. The Annuity Start Date is subject to change by Urban, and any such change may impact the available Annuity Options. The Annuity was funded with an Initial Purchase Payment of $1 million.

3. The Annuity provides for a 6% bonus that was credited to the Annuity's Account Value upon purchase and Free Withdrawals of up to 10% after the first Contract Year. In addition, the Annuity provides calculations for the Account Value and Cash Surrender Value (the amount Urban would receive if it fully surrendered the Annuity during the Surrender Charge Period), as well as for Surrender Charges, Bonus Recapture, and potentially a Market Value Adjustment, if funds are withdrawn from the Annuity above the 10% Free Withdrawal or the Annuity is surrendered prior to the end of the Surrender Charge Period. Prior to August 26, 2019, Urban, as the Annuity Owner, took several withdrawals from the Annuity.

4. The Annuity includes eight different options for Annuity Payments and includes several Endorsements and Riders that impact the value of the Annuity, including a Market Value Adjustment Endorsement and a 5 Year Annuity Linked TVI Index Account Rider.

5. After accounting for withdrawals, Surrender Charges, the Bonus Recapture, and any applicable Market Value Adjustment, as of August 26, 2019, the Cash Surrender Value of the Annuity was $647,664.07 and as of September 12, 2019, the Cash Surrender Value of the Annuity was $641,557.45. Following service of the Writ, Security Benefit placed a hold on the Annuity.

**ANSWER**

6. Pursuant to Florida garnishment law, "the subject of a writ of garnishment must not be contingent." *Pippin v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 845 F. Supp. 849, 851 (M.D. Fla. 1994). This is based on the language of Florida's garnishment statute, which provides that "a judgment creditor may garnish any 'debt due' to the judgment debtor by a third person[,]" but "'[i]f there is anything contingent or to be done by a person before the liability of another becomes fixed, there is not such an 'indebtedness due' as contemplated by the statute.'" *Id.* (quoting Fla. Stat. § 77.01; *W. Fla. Grocery v. Teutonia Fire Ins. Co.*, 77 So. 209 (Fla. 1917)). This principle is applicable to the cash surrender value of contracts like an annuity, which have "no such present fixed liability or existing indebtedness as is requisite for the maintenance of garnishment." *See Plymouth Cordage Co. v. Ward*, 202 So. 2d 600, 600-01 (Fla. 1st DCA 1967). Thus, unless and until an annuity owner exercises an option to surrender the annuity for its cash value, there is no indebtedness due from the insurer to the annuity owner. *Id.* at 601.[1]

[1] *See also* 13 Fla. Jur. 2d Creditors' Rights § 93 ("A creditor of the insured cannot obtain the cash surrender value of a policy by garnishment proceedings until the option has been exercised because there is no such present fixed liability or existing indebtedness as a requisite to the maintenance of garnishment."); *see also* 37 A.L.R. 2d 268 § 5[b] ("Even though a life insurance policy has a cash surrender value which is available to the insured at his option, it is quite uniformly held by the courts that where the insured has not exercised his option to surrender the policy for its cash surrender value, a creditor of the insured cannot obtain such cash surrender value by means of garnishment proceedings").

7. In addition, pursuant to Florida Statute, "the proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor . . . of any creditor of the person who is the beneficiary of such annuity contract[.]" Fla. Stat. § 222.14; *see Technical Chemicals & Products, Inc. v. Porchester Holdings, Inc.*, 785 So. 2d 636, 638 (Fla. 4th DCA 2001) ("We affirm the trial court's order dissolving the writ of garnishment as we agree that section 222.14 protects the cash surrender value of the limited whole life and whole life policies."). Further, the Annuity states that "[t]he Account Value and other benefits under this Contract are exempt from the claims of creditors of the Owner to the extent allowed by the law."

8. Moreover, "[u]nder Florida Law a garnishment proceeding entitles a garnishor to be subrogated to the primary debtor's right against the garnishee. The garnishor gets no greater right than that of the primary debtor." *Pippin*, 845 F. Supp. at 851; *Carpenter v. Benson*, 478 So. 2d 353, 354 (Fla. 5th DCA 1985) ("The garnishee is not the original debtor and the judgment creditor receives no greater rights against a garnishee than would have been available to the judgment debtor in a proceeding against the garnishee.")

9. Based on the above-referenced authorities and the terms of the Annuity, Security Benefit believes in good faith that the Annuity is not subject to garnishment and its contractual relationship with Urban is not a "debt due," as that term is used in Florida's garnishment statute. Nevertheless, as stated above, Security Benefit has placed a hold on the Annuity, which prevents any withdrawals being taken from, and any financial changes being made to, the Annuity. Further, even assuming the Annuity is subject to garnishment, Plaintiff could only access the Cash Surrender Value – the amount Urban, as the Owner, could access after accounting for

withdrawals, Surrender Charges, the Bonus Recapture, and a Market Value Adjustment (if applicable).

10. As of the date the Writ was served, Security Benefit was not, and currently is not, in possession of any other property (tangible, intangible, or otherwise) belonging to Urban. In addition, Security Benefit does not have any knowledge of any other person who or entity that is indebted to or has possession of any property (tangible, intangible, or otherwise) belonging to Urban.

11. Security Benefit has retained undersigned counsel and agreed to pay counsel's attorneys' fees for answering the Writ. Security Benefit hereby demands payment of the $100.00 statutory fee, pursuant to Fla. Stat. § 77.28. In addition, pursuant to Fla. Stat. § 77.28, Security Benefit demands payment of all additional reasonable attorneys' fees incurred in connection with its response to the Writ.

WHEREFORE, Security Benefit Life Insurance Company requests:

A. That all liability to Urban Philanthropies, Inc., Philip Bacon, the John S. and James L. Knight Foundation, Inc., and/or any other individual or entity claiming entitlement to or through the Annuity be determined and adjudicated;

B. Recovery of the reasonable attorneys' fees Security Benefit incurred in responding to the Writ of Garnishment; and

C. Any other and further relief this Court deems appropriate.

**DESIGNATION OF EMAIL ADDRESS**

Pursuant to Florida Rule of Judicial Administration 2.516, Security Benefit's undersigned counsel, Eric D. Coleman, hereby designates the following addresses for service by e-mail:

cgruhn@carltonfields.com
gdistefano@carltonfields.com

ecoleman@carltonfields.com
mcabrera@carltonfields.com
miaecf@cfdom.net

Please note that service by e-mail and any correspondence should utilize all five e-mail addresses.

Respectfully submitted,

**CARLTON FIELDS**
Counsel for Security Benefit Life Insurance Company
100 Southeast Second Street, Suite 4200
Miami, Florida 33131
Tel No. (305) 530-0050
Fax No. (305) 530-0055

*/s/ Eric D. Coleman*
Eric D. Coleman
Fla. Bar No. 124963
Clifton R. Gruhn
Fla. Bar No. 72542

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the Answer to Writ of Garnishment was served by electronic mail using the Court's ePortal system on September 13, 2019, to:

Michael E. Strauch, Esq.
GREENBERG TRAURIG, P.A.
333 S.E. 2nd Avenue
Miami, Florida 33131

*Attorney for Plaintiff*

*/s/ Eric D. Coleman*
Eric D. Coleman

119620046.3

# Exhibit "B"

Filing # 96707670 E-Filed 10/03/2019 03:07:29 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

COMPLEX BUSINESS LITIGATION DIVISION

CASE NO. 15-27945 CA 44

JOHN S. AND JAMES L. KNIGHT FOUNDATION, INC. a Florida not for profit corporation,

Plaintiff,

vs.

URBAN PHILANTHROPIES, INC., a Florida not for profit corporation et. al.

Defendants.
_________________________________/

**PLAINTIFF'S VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF WRIT OF GARNISHMENT TO SECURITY BENEFIT LIFE INSURANCE COMPANY**

Plaintiff, John S. and James L. Knight Foundation, Inc., hereby voluntarily dismisses without prejudice the Writ of Garnishment dated August 21, 2019, to Security Benefit Life Insurance Company regarding Defendant, Urban Philanthropies, Inc., a not for profit corporation.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
*Attorneys for Plaintiff*
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0790
Facsimile: (305) 579-0717

By: *s/Michael N. Kreitzer*
**MICHAEL N. KREITZER, ESQ.**
Florida Bar No. 705561
kreitzerm@gtlaw.com
**MICHAEL E. STRAUCH, ESQ.**
Florida Bar No. 13988

strauchm@gtlaw.com
avinm@gtlaw.com
flservice@gtlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by e-mail generated by the Florida Court E-Filing Portal, this 3rd day of October, 2019, on:

Christopher David Esq.
Jeffrey Molinaro, Esq.
Fuerst Ittleman David & Joseph, PL
SunTrust International Center
One Southeast Third Avenue
cdavid@fuerstlaw.com
jmolinaro@fuerstlaw.com

Roy Wasson, Esq.
Wasson & Associates, Chartered
Courthouse Plaza—Suite 600
28 West Flagler Street
Miami, FL 33130
roy@wassonandassociates.com
e-service@wassonandassociates.com

Joseph A. Noa, Jr., Esq.
The Noa Law Firm, P.A.
P.O. Box 941958
Miami, FL 33194
e-service@noalawfirm.com

Jose I. Rojas, Esq.
Alexander F. Rojas, Esq.
Ropers, Majewski, Kohn & Bentley, PC
Southeast Financial Center
200 South Biscayne Boulevard, Suite 2750
Miami, FL 33131
jose.rojas@ropers.com
alexander.rojas@ropers.com

Complex Business Litigation Division
cbl44@jud11.flcourts.org

*By: s/Michael E. Strauch*